16-3390-cv
*Perez v. Harbor Freight Tools*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
                    GUIDO CALABRESI,
                    DENNY CHIN,
                                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSE PEREZ,

                    *Plaintiff-Appellant*,

                                                                                    16-3390-cv

                                v.

HARBOR FREIGHT TOOLS,

                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        JASON ENGELSTEIN (Leonard Zack, *on the brief*), Leonard Zack & Associates, New York, New York.

FOR DEFENDANT-APPELLEE:        MATTHEW J. MEHNERT, Lamb & Barnosky, LLP, Melville, New York.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Jose Perez appeals from the judgment of the district court entered September 9, 2016, dismissing his complaint against defendant-appellee Harbor Freight Tools for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court explained its reasoning in a memorandum of decision and order filed September 9, 2016. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Perez was employed by Harbor Freight Tools from June 25, 2012 until his dismissal on December 18, 2012. On September 10, 2015, Perez filed a charge of discrimination against Harbor Freight Tools with the United States Equal Employment Opportunity Commission (the "EEOC"). On September 11, 2015, the EEOC issued Perez a right to sue letter and, on October 19, 2015, Perez commenced this action. On February 12, 2016, Harbor Freight Tools moved to dismiss the complaint as time-barred. The district court converted Harbor Freight Tools' motion to dismiss to a motion for summary judgment and, finding that the claims were time-barred, granted the converted motion for summary judgment dismissing the complaint.

We review the district court's grant of summary judgment *de novo*. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary

judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the district court's application of the relevant statute of limitations *de novo, see Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008), and its decision to deny equitable tolling for abuse of discretion, *Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 157 (2d Cir. 2012).

Under Title VII, a plaintiff in New York State must file an employment discrimination charge with the EEOC within 300 days after an "alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1); *accord Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) (citing 42 U.S.C. § 2000e-5(e)), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072. The filing requirement, however, is not absolute and is subject to equitable tolling. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003). "[E]quitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Id.* (internal quotation marks, citations, and alterations omitted). To determine whether equitable tolling is appropriate, a court considers "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Id.* at 80-81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)).

3

Perez filed his complaint with the EEOC on September 10, 2015 -- almost three years after his December 18, 2012 discharge. Therefore, as he acknowledges in his brief on appeal, Perez did not comply with the 300-day statutory period for filing. Perez asserts, however, that equitable tolling is warranted because (1) in November 2012 he was told by an EEOC investigator that he had three years (rather than 300 days) in which to file a charge with the EEOC, and (2) he "was confined to his bed for long portions of 2013 to 2016." Appellant's Br. at 9. The district court properly granted summary judgment in favor of defendants rejecting these arguments as a matter of law.

First, even assuming that incorrect advice from an EEOC representative as to the timing requirements could be a basis for equitable estoppel, *see Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (recognizing that erroneous advice from an EEOC official may be a justification for equitable tolling, if "substantiated"), the district court did not err in concluding that Perez's conclusory assertions about what an EEOC representative purportedly told him were insufficient to defeat summary judgment. Perez's affidavit does not identify the EEOC representative with whom he spoke, nor does he provide any details regarding the meeting, such as, for example, the person's title, nor does he provide any corroborating documentation, such as a handout or any written advice. *Cf. DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409, 410 (2d Cir. 1975) (finding equitable tolling doctrine applicable where the Commissioner of the EEOC admitted that the EEOC sent the plaintiff an erroneous right to sue letter). Nor

4

did Perez offer any evidence below that he acted with "reasonable diligence" during the nearly three-year delay, or that the circumstances were "extraordinary."

Second, Perez's argument that equitable tolling is appropriate because he was largely incapacitated "for long portions of 2013 to 2016," *see* Appellant's Br. at 9, is belied by the record. As defendants showed in their papers below, there is undisputed evidence that in 2013 Perez commenced a defamation suit in state court against his former coworkers and was deposed twice in 2014 as part of that suit. Further, there is undisputed evidence that Perez took eight trips to Spain between May and November 2014. On this record, no reasonable factfinder could have concluded that Perez was so incapacitated he could not have filed suit in a timely manner. Accordingly, based on the facts construed in Perez's favor, the district court did not abuse its discretion in denying equitable tolling.

We have considered Perez's remaining arguments and conclude they are without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5